UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X
ADRIAN GONZALEZ, *individually
and on behalf of others similarly situated*,

                      *Plaintiff*,

vs.

STONE TECH INDUSTRIES LLC,
*a New York limited liability company*,
and SALIH OZEN, *an individual*,

                      *Defendants.*
-------------------------------------------------X

CASE NO:

## COMPLAINT

Adrian Gonzalez ("Plaintiff"), individually and on behalf of others similarly situated, hereby sues Defendants, Stone Tech Industries LLC ("Corporate Defendant") and Salih Ozen (hereinafter "Individual Defendant") (Corporate Defendant and Individual Defendant are referred to collectively as "Defendants"), and alleges:

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages and unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("Labor Law"). Plaintiff seeks compensatory damages and liquidated damages, including applicable interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

2. Plaintiff further seeks certification of this action as a collective action on behalf of Plaintiff individually, and on behalf of all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 and 28 U.S.C. § 1331. Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Plaintiff was employed by Defendants to perform the activities of a construction worker in this District, and Defendants are in this District.

## PARTIES

5. Plaintiff is over the age of 18 years, *sui juris*, and is a resident of this State.

6. Corporate Defendant is a limited liability company organized and existing under the laws of the State of New York.

7. Corporate Defendant is a New York domestic limited liability company that owns and operates a construction company known as Stone Tech Industries, which is authorized to and does business in the confines of the Southern District of New York.

8. On information and belief, Individual Defendant, Salih Ozen, is over the age of 18 years, *sui juris*, and owns (in whole or in part), and operates, and/or controls the Corporate Defendant, and/or has authority over rates of pay and schedules of employees within the Corporate Defendant business.

9. Individual Defendant is sued herein individually in his capacity as, on information and belief, he is an owner, officer and/or agent of Corporate Defendant.

10. Defendants are an enterprise as defined by the FLSA, 29 U.S.C. § 203 (r-s).

11. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

12. Upon on information and belief, the Corporate Defendant had, at all times material hereto, a gross annual volume of sales of not less than $500,000.00.

13. Upon information and belief, Defendants and/or their enterprise were and are directly engaged in interstate commerce.

## FACTS

14. At all relevant times, Plaintiff was and is a former employee of the Defendants within the meaning of the FLSA and the Labor Law.

15. Plaintiff worked for the Defendants from approximately August 2020 through February 2021.

16. Plaintiff performed his work for the Defendants at various job sites in Connecticut and Bronx, New York.

17. Plaintiff was employed to perform activities as a construction worker. His job included gathering materials, building, cleaning, and any other task or job that he was assigned at any given time.

18. Plaintiff regularly handled goods that had traveled through interstate commerce, including tools and building materials.

19. Plaintiff's work duties required neither discretion nor independent judgment.

20. Plaintiff worked six days per week, from Monday through Friday, 7:00 a.m. through 3:30 p.m. Plaintiff always worked approximately 52.5 hours per week.

21. Plaintiff was paid at the rate of $35.00 per hour for each hour worked, without any raises during the term of his employment.

22. Throughout his employment with Defendants, Plaintiff was sometimes paid in cash with no pay stubs provided.

23. Defendants failed to pay Plaintiff any overtime premium (time and a half) for hours worked over forty (40) in each workweek.

24. Defendants failed to pay Plaintiff for any work performed from approximately January 2, 2023 through February 10, 2023.

25. Upon information and belief, Defendants' conduct extended beyond Plaintiff to all other similarly situated employees, including non-exempt employees working in other departments of the Corporate Defendant's business.

26. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the Labor Law.

## FLSA COLLECTIVE ACTION CLAIMS

27. Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them at any time during the three-year period prior to this Complaint being filed (the "FLSA Class Period").

28. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime.

29. The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

30. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

31. Defendants failed to pay Plaintiff and the FLSA Class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

32. Defendants' failure to pay Plaintiff and the FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

33. Plaintiff and the FLSA Class members were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the Labor Law)

34. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

35. Defendants were the employer of Plaintiff and the FLSA Class members within the meaning of the Labor Law.

36. Plaintiff and the FLSA Class members are and were non-exempt employees under the Labor Law.

37. Pursuant to the acts and practices alleged herein, Defendants willfully failed to pay Plaintiff and the FLSA Class members overtime premium wages.

38. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff and the FLSA Class members. As such, Defendants' noncompliance with the Labor Law was willful.

39. As a proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Class members have suffered economic damages in the form of unpaid overtime wages in an amount to be determined at trial and are entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the Labor Law.

### THIRD CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

40. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

41. At all times relevant to this action, Defendants were Plaintiff's employer (and employer of the FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

42. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

DocuSign Envelope ID: 8011B723-931F-407E-9CEA-BFA694894113

43. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. §203 (r)-(s).

44. Defendants failed to pay Plaintiff and the FLSA Class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

45. Defendants' failure to pay Plaintiff and the FLSA Class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. §255 (a).

46. Plaintiff and the FLSA Class members were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the Labor Law)

47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. Defendants were the employer of Plaintiffs and the FLSA Class members within the meaning of the Labor Law.

49. Plaintiff and the FLSA Class members are and were non-exempt employees under the Labor Law.

50. Pursuant to the acts and practices alleged herein, Defendants willfully paid Plaintiff and the FLSA Class members below the minimum wage.

51. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff and the FLSA Class members. As such, Defendants' noncompliance with the Labor Law was willful.

52. As a proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Class members have suffered economic damages in the form of unpaid minimum wages in an

amount to be determined at trial and are entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

a) Declaring Defendants' conduct complained of herein to be in violation of the Plaintiff's rights under the FLSA, and the Labor Law;

b) Awarding Plaintiff and the class members unpaid overtime wages;

c) Awarding Plaintiff and the class members unpaid minimum wages;

d) Awarding Plaintiff and the class members liquidated damages pursuant to 29 U.S.C. §216 and the Labor Law;

e) Awarding Plaintiff and the class members pre and post-judgment interest;

f) Awarding Plaintiff and the class members the costs of this action together with reasonable attorneys' fees; and

g) Awarding such and further relief as this court deems necessary and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

DATED May 3, 2023

Respectfully Submitted,

**Bashian & Papantoniou, P.C.**
*Attorneys for Plaintiff*
500 Old Country Road, Ste. 302
Garden City, NY 11530
Tel:   (516) 279-1554
Fax:   (516) 213-0339
By: */s/ Erik M. Bashian*
**ERIK M. BASHIAN, ESQ.**
eb@bashpaplaw.com

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
5550 Glades Road, Ste. 500
Boca Raton, FL 33431
Tel:   (954) 745-0588
By:   */s/ Nolan Klein*
**NOLAN KLEIN, ESQ.**
klein@nklegal.com
amy@nklegal.com
melanie@nklegal.com

# CONSENTIMIENTO PARA DEMANDAR BAJO
# LA LEY DE NORMAS LABORALES JUSTAS
# (FAIR LABOR STANDARDS ACT)

Yo, **ADRIAN GONZALEZ** soy un empleado o ex empleado de **Stone Tech Industries LLC** y/o personas o entidades relacionadas. Las alegaciones que se establecen en esta demanda me han sido explicadas en español y todas son verdaderas y correctas a mi entender, información y creencia. He consentido para ser demandante en la acción mencionada anteriormente para cobrar los salarios no pagados y otros daños y perjuicios.

Fecha: 5/4/2023 , 2023.

DocuSigned by:
ADRIANG
F878247D4556466
**ADRIAN GONZALEZ**

100094v6